UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 4:10-CV-01230 JAR<br>)<br>) |
| WELLS FARGO BANK, N.A., *et al*., | )<br>) |
| Defendants. | ) |

**THOMPSON COBURN LLP'S MEMORANDUM IN SUPPORT
OF MOTION TO QUASH THE SUBPOENA DIRECTED
TO MS. SARA KOTTHOFF AND FOR PROTECTIVE ORDER**

**INTRODUCTION**

Non-party Thompson Coburn LLP ("Thompson Coburn") seeks to quash Defendants' February 1, 2012 Subpoena and Notice of Deposition (attached hereto as **Exhibit A**) to Sara Kotthoff ("Ms. Kotthoff"), one of Thompson Coburn's partners or, alternatively, for a protective order prohibiting the deposition of Ms. Kotthoff until third-party defendant Depfa Bank, PLC ("Depfa") is prepared to participate in this deposition.

Thompson Coburn does not challenge Defendants' right to depose Ms. Kotthoff. Rather, for the reasons explained herein, Thompson Coburn believes that a March 29, 2012, deposition of Ms. Kotthoff is premature and inappropriate because Depfa, who is not yet participating in discovery in this case, will also seek to depose Ms. Kotthoff in the future.

Federal courts routinely protect non-parties, like Ms. Kotthoff, from undue burden. Under the circumstances, this Court should protect Ms. Kotthoff from the prospect of multiple depositions and the significant burden associated with the preparation for and attendance at

5481603

multiple depositions.  This result is warranted because the countervailing interests of Defendants to proceed with Ms. Kotthoff's deposition immediately are minimal, if any, and there is no prejudice resulting from continuing the deposition until all parties are prepared to proceed.

Thompson Coburn endeavored to resolve this dispute without Court intervention, but Depfa recently indicated that it would not agree to attend the deposition and that it would reserve its rights to re-depose Ms. Kothoff in the future, thereby making this motion necessary.

## BACKGROUND

This action was originally removed to this Court on July 9, 2010 (Dkt. No. 1).  On February 18, 2011, Plaintiff Higher Education Loan Authority of the State of Missouri ("MOHELA") filed a First Amended Complaint (Dkt. No. 38) against Defendants Wells Fargo Bank, N.A., Wachovia Bank N.A. n/k/a Wells Fargo Bank, N.A., and Wachovia Securities, LLC.

On January 23, 2012, Defendants Wachovia Bank and Wachovia Securities (the "Wachovia Parties") filed a Third-Party Complaint (Dkt. No. 76) against Depfa.  The Third-Party Complaint asserts a single count for Contribution and Indemnity. The Third-Party Complaint alleges (i) that Depfa was negligent, and, (ii) to the extent the Wachovia Parties are found liable to MOHELA, the Wachovia Parties are entitled to contribution and/or indemnification from Depfa.  See Third-Party Complaint, at ¶¶ 26-7 and *ad damnum* clause.  At the time of the filing of this Motion, counsel has entered an appearance on behalf of Depfa, and has filed a motion to dismiss the Third-Party Complaint.  See (Dkt. No. 95)

Thompson Coburn is not a party to this action; nor is it counsel of record in this case. Thompson Coburn served as counsel to MOHELA with respect to certain underlying transactions at issue in this litigation.  Defendants previously served Thompson Coburn with two

subpoenas for the production of documents. Among the document requests to which Thompson Coburn responded in the second subpoena was the following:

> 19.  All documents concerning or relating to communications between You,[1] on the one hand, and Depfa, on the other hand, regarding refinancing of the Bonds Issued Pursuant to Trust Indenture, during the period of January 1, 2009 to December 31, 2009 inclusive.

See January 11, 2012 Subpoena, attached hereto as **Exhibit B**. To date, Thompson Coburn has reviewed and produced nearly 15,000 pages of documents to Defendants.

On February 1, 2012, Defendants issued a subpoena for the February 14, 2012 deposition of Ms. Kotthoff, a Thompson Coburn partner who worked on underlying transactions at issue for MOHELA. See Exhibit A. By agreement, the date of the deposition was deferred until March 29, 2012, in order to determine whether or not consensus could be reached by all parties, including Depfa, regarding the taking of Ms. Kotthoff's deposition. On or about March 20, 2012, the undersigned counsel was advised by counsel for Defendants that Depfa was refusing to attend the deposition of Ms. Kotthoff on March 29, 2012, and that Depfa was reserving any rights to depose Ms. Kotthoff again in the future.

The deposition subpoena does not provide topics for examination. However, in light of (i) Defendants' previous document requests for communications/documents between Thompson Coburn and Depfa, and (ii) the allegations of the Wachovia Parties' Third-Party Complaint against Depfa, Thompson Coburn believes that Defendants intend to question Ms. Kotthoff about communications and interactions between Ms. Kotthoff and Thompson Coburn, on one hand, and Depfa, on the other hand.

---

[1] The subpoena defines "You" as Thompson Coburn LLP and any of its attorneys, including but not limited to Sara Kotthoff.

Undersigned counsel for Thompson Coburn has conferred by telephone with counsel for Plaintiff and Defendants on multiple occasions during the months of February and March, 2012. In those conversations, undersigned counsel has explained that he thought the deposition of Ms. Kotthoff was inappropriate and premature in light of the fact that Depfa was not yet participating in discovery in this case. As explained by undersigned counsel in the meet-and-confer discussions, a deposition of Ms. Kotthoff at this time subjects Ms. Kotthoff to the very real possibility of being deposed twice. Despite voicing this concern, counsel for Defendants has been unwilling to continue Ms. Kotthoff's deposition past March 29, 2012.

Undersigned counsel certifies under LOCAL RULE 37 – 3.04 that despite sincere efforts to resolve this dispute informally and without court intervention, counsel were unable to reach an accord that would eliminate the Court's consideration of this matter.

## STANDARDS

Pursuant to FED. R. CIV. P. 45(c)(1), "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." The rule further provides that, upon timely motion, "the issuing court must quash or modify a subpoena that: (i) subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv).

FED. R. CIV. P. 26(c) grants this Court broad discretion in controlling the discovery process, including the discretion to "decide when a protective order is appropriate and what degree of protection is required." Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2, 197 F.3d 922, 925 (8th Cir. 1999). FED. R. CIV. P. 26(c) empowers the Court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). More specifically, FED. R. CIV. P. 26(c)(1)(A) and

(B) authorize the Court to enter an order, for good cause shown, "forbidding the disclosure or discovery" or "specifying terms, including time and place, for the disclosure or discovery."

"District courts have *wide latitude* in deciding motions to quash civil, third-party subpoenas."  Swann v. Calahan, No. 4:11CV00369(JCH), 2011 WL 3608056, *1 (E.D. Mo. Aug. 15, 2011) (emphasis added).

<b><u>ARGUMENT</u></b>

**THIS COURT SHOULD PROTECT MS. KOTTHOFF, A THIRD PARTY, FROM THE REASONABLE PROSPECT THAT SHE WILL BE SUBJECTED TO TWO DEPOSITIONS.**

    A.    **Federal Courts Routinely Extend Extra Protection To Non-Parties Subjected To Subpoenas.**

Federal courts appropriately recognize that "[n]on-parties deserve extra protection from the courts."  Kim v. NuVasive, Inc., No. 11cv1370-DMS (NLS), 2011 WL 3844106, *2 (S.D. Cal. Aug. 29, 2011); see also Chevron Corp. v. Salazar, No. 11-0691-LAK, 2011 WL 7112979, *3 (D. Or. Nov. 30, 2011) (same).

"When a nonparty is subpoenaed, the court is particularly mindful of Rule 45's undue burden and expense cautions."  Precourt v. Fairbank Reconstruction Corp., No. CIV. 10-mc-130, 2011 WL 1753985, *4 (D.S.D. May 5, 2011), see also In re County of Orange, 208 B.R. 117, 121 (Bkrtcy. S.D.N.Y. 1997) ("[W]eight should be given to nonparty status in assessing burden of compliance with a discovery request"); S.E.C. v. Seahawk Deep Ocean Tech., Inc., 166 F.R.D. 268, 269 (D. Conn. 1996) ("The court may consider a movant's non-party status when weighing the burdens imposed in connection with the subpoena at issue"); Katz v. Batavia Marine & Sporting Supplies, Inc., 984 F.2d 422, 424 (Fed. Cir. 1993) ("[T]he fact of nonparty status may be considered by the court in weighing the burdens imposed in the circumstances"); Jones v. McMahon, No. 5-98-CV-0374, 2007 WL 2027910, *16 (N.D.N.Y. July 11, 2007) ("[I]n

addressing the burdens of proposed depositions, it is permissible for a Court to consider that the targets of the proposed discovery are non-parties").

Ms. Kotthoff is not a party to this case.  This "status" is entitled to consideration in assessing whether the deposition subpoena subjects Ms. Kotthoff to "annoyance" or an "undue burden or expense."  While federal courts routinely protect parties from multiple depositions, as addressed *infra*, Ms. Kotthoff is entitled to "extra protection" because she is not a party to this case.

> B.   The Strong Likelihood Of Multiple Depositions Unreasonably Burdens Ms. Kotthoff.

Courts have issued protective orders under Fed. R. Civ. P. 26(c)(1) to spare witnesses from unreasonable or unduly burdensome deposition requests.  See, e.g., Bethel v. United States ex rel. Veterans Admin. Med. Ctr., No. 05-cv-01336-RPM-KLM, 2008 WL 113905, at *4 (D. Colo. Jan. 9, 2008) (noting that the court was not unsympathetic to arguments regarding the burden and expense of subjecting a non-party to multiple depositions and specifying the terms on which the deposition would be held); Murray v. Nationwide Better Health, No. 10-CV-3262, 2011 WL 3859708, *2 (C.D. Ill. Aug. 31, 2011) (quashing deposition notices issued to non-party witnesses where proceeding with depositions prior to a certain event (*e.g.,* the lift of a partial discovery stay) would lead to a "second round of depositions" and because "the burden and expense of requiring two depositions [of the non-party witnesses] outweighs the likely benefit").[2]

---

[2] Although presenting a somewhat different situation than the one at issue here, the issue of subjecting a witness to multiple depositions arises frequently in the context of an individual that will testify in both her individual capacity and as a FED. R. CIV. P. 30(b)(6) corporate representative.  In that context, federal courts have recognized a preference for a single deposition.  See, e.g., Zeng v. Elec. Data Sys. Corp., No. 1:07CV310 (JCC), 2007 WL 2713905 (E.D. Va. Sept. 13, 2007) (upholding magistrate's order that party conduct individual and 30(b)(6) deposition of same witness simultaneously); Fresenius Med. Care Holdings, Inc. v. Roxane Labs., Inc., No. 2:05-CV-0889, 2007 WL 1026439, *1 (S.D. Ohio Mar. 30, 2007) (noting a general preference for a single deposition of a witness as it is "a much better use of the parties' time and resources"); State Farm Mut. Auto. Ins. Co. v. Weiss, No. 6:03-CV-1645ORL31KRS, 2005 WL 2861124, *1 (M.D. Fla. Nov. 1, 2005) (stating that "the

Defendants' deposition subpoena for Ms. Kotthoff is just such a request.

Ms. Kotthoff should not be required to sit for multiple depositions. Depositions require the witness's time to prepare, and are costly. That is particularly true here, where the underlying transactions are complex and where a large volume of documents (approx. 15,000 pages) have been produced and may be subjects of examination. Moreover, Ms. Kotthoff must also reasonably prepare for the likelihood that Defendants intend to ask her about a number of communications, including those involving Depfa.

There is no reason to depart from the preference enunciated above that a witness, especially a non-party witness, only be subjected to a single deposition. Defendants have no pressing need for deposition testimony from Ms. Kotthoff at this time. Rather, the better course is to delay her deposition for a reasonable time until Depfa joins this case and is prepared to participate in her deposition. At that time, Ms. Kotthoff can prepare once for a single deposition, at which all interested parties can participate. To require Ms. Kotthoff to endure this process twice is unnecessary and unreasonably burdensome.

## CONCLUSION

For the foregoing reasons, Thompson Coburn LLP respectfully requests that the Court enter an order quashing the deposition notice of Ms. Sara Kothoff or alternatively granting a protective order prohibiting the deposition of Ms. Kotthoff until Depfa will participate in the deposition, and granting Thompson Coburn any further relief the Court deems just and proper.

---

Court often encourages counsel not to subject an individual to two depositions[,]" but acknowledging in the 30(b)(6) context that the federal rules do not require the party seeking the discovery to agree to such a proposal). While the above-described situation is distinguishable (*i.e.,* sitting for two depositions in two different capacities v. sitting for two depositions in the same capacity), the underlying policy is the same—a witness should be subjected to the least burden possible. This policy is especially true here because Ms. Kotthoff is a non-party.

        Respectfully submitted,

        THOMPSON COBURN LLP

        By: /s/ Christopher M. Hohn
           Christopher M. Hohn, #44124MO
           One US Bank Plaza
           Suite 2500
           St. Louis, MO 63101
           314-552-6000
           FAX 314-552-7000
           chohn@thompsoncoburn.com

        *Attorneys for Non-Party Thompson Coburn LLP*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served via the Court's CM/ECF electronic filing system this 27th day of March, 2012, to:

John Gianoulakis
Kevin Sullivan
Kohn, Shands, Elbert, Gianoulakis & Giljum, LLP
1 N. Brentwood Blvd., Suite 800
St. Louis, MO 63105

*Attorneys for Plaintiff*

Adam S. Hochschild
Bryan Cave, LLP
211 N. Broadway, Ste. 3600
St. Louis, MO 63102

*Attorneys for Defendants*

Rudolph A. Telscher, Jr.
Harness and Dickey
7700 Bonhomme
Suite 400
St. Louis, MO 63105

*Attorneys for DEPFA Bank PLC*

        /s/  Christopher M. Hohn