AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MISSOURI

Higher Education Loan Authority of the State of MO

V.

Wells Fargo Bank, N.A., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 4:10-cv-01230 AGF

TO: Thompson Coburn LLP
Attn: Thomas J. Minogue
505 N. 7th St., Ste. 2700
St. Louis, MO 63101

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Bryan Cave, LLP, 211 N. Broadway, Ste. 3600, St. Louis, MO 63102 | DATE AND TIME 12/15/2011 9:30 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit A

| PLACE   Bryan Cave, LLP, 211 N. Broadway, Ste. 3600, St. Louis, MO 63102 | DATE AND TIME 12/15/2011 9:30 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature]*, Attorney for Defendants | DATE 11/23/2011 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Adam S. Hochschild, Attorney for Defendants; 211 N. Broadway, Ste. 3600, St. Louis, MO 63102

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT B

*Thompson Coburn*

## EXHIBIT A

## DEFINITIONS

"**A.G. Edwards**" means A.G. Edwards & Sons, Inc. and any of its affiliated entities, subsidiaries, parent companies, holding companies, successors, receivers, assigns, divisions, officers, directors, employees, agents, representatives, attorneys, experts, investigators, and anyone acting on behalf of any of the foregoing.

"**And**" and "**or**" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The use of the words "**include(s)**" **and** "**including**" shall be construed to mean "without limitation."

"**April 17, 2009 Email**" means the April 17, 2009 email sent by Sara Kotthoff attached at **Exhibit 1** hereto.

"**Bonds Issued Pursuant to the Trust Indenture**" means the MOHELA bonds issued in November 2005 and April 2006 pursuant to the Trust Indenture.

"**Communication**" or "**Correspondence**" means any contact between two or more Persons and includes without limitation: (1) written contact, including electronic mail, and all attachments thereto, or oral contact by such means as face-to-face meeting or telephone conversation; (2) contact between two or more Persons who are affiliated with or employed by the same entity or organization; and (3) contact between two or more Persons who are not affiliated with or employed by the same entity or organization.

"**Complaint**" refers to the First Amended Complaint and the claims contained within the First Amended Complaint filed on February 18, 2011 in the United States District Court, Eastern District of Missouri, as Case No: 4:10-cv-1230, as amended. The First Amended Complaint is attached hereto as **Exhibit 2**.

"**Depfa**" means Depfa Bank plc and any of its affiliated entities, subsidiaries, parent companies, holding companies, successors, receivers, assigns, divisions, officers, directors, employees, agents, representatives, attorneys, experts, investigators, and anyone acting on behalf of any of the foregoing.

"**Document(s)**," "**documentation**," "**file(s)**," or "**records(s)**" means the original and any non-identical copy (which is different from the original or any copy because of notations thereon or attached thereto or otherwise) or drafts of any written, recorded, printed, typewritten, handwritten, graphic, filmed, videotaped or computer generated, discs or hard drive retained matter however produced, reproduced or recorded, whether intended for internal or external use or review or otherwise, including without limitation: letters, telegrams, telex, telefax or telecopy reproductions, emails, memoranda, reports, studies, diaries (or extracts thereof), minutes, pamphlets, notes, tables, charts, bulletins, calendars, tabulations, analyses, forecasts, pro forma projections, appraisals, statistical information accumulations, records of meetings and conversations of any kind, film impressions, photographs, magnetic tape, sound or mechanical reproductions, recordings, proposals, contracts and amendments, offers, counteroffers, drafts of contracts, receipts, telephone records, computer printouts, computer software and computer programs, advertisements, telephone listings,

*Thompson Coburn*

stationary, invoices, bills, purchase orders, regulatory filings, formal or informal board of directors, shareholders or employee meeting minutes or other notes, memoranda, or reports from such meetings (whether or not a quorum was present), employee notices, announcements or disclosures, corporate authorizations, stock quotes, appraisals or forecasts, and financial records of whatsoever kind which are in your actual or constructive possession, custody or control or known or believed by you to exist or to have existed. Without limitation, as used in this definition, the word document is to be construed as broadly as is conceivable and is deemed to be or to have been in your "control" if you now have or, have had the right to secure the document or a copy thereof from another person or governmental entity having actual physical possession thereof.

"**MBIA**" means MBIA Insurance Corporation and any of its affiliated entities, subsidiaries, parent companies, holding companies, successors, receivers, assigns, divisions, officers, directors, employees, agents, representatives, attorneys, experts, investigators, and anyone acting on behalf of any of the foregoing.

"**MBIA Illinois**" means MBIA Insurance Corporation of Illinois and any of its affiliated entities, subsidiaries, parent companies, holding companies, successors, receivers, assigns, divisions, officers, directors, employees, agents, representatives, attorneys, experts, investigators, and anyone acting on behalf of any of the foregoing.

"**MOHELA**" means the Higher Education Loan Authority of the State of Missouri.

"**National**" means National Public Finance Guaranty Corporation and any of its affiliated entities, subsidiaries, parent companies, holding companies, successors, receivers, assigns, divisions, officers, directors, employees, agents, representatives, attorneys, experts, investigators, and anyone acting on behalf of any of the foregoing.

"**Person**" means any natural person and any proprietorship, corporation, public corporation, municipal corporation, state government, local government, governmental agency, subsidiary, group, association, partnership, committee, or other entity.

"**Remarketed Bonds**" means the $40 million of Bonds Issued Pursuant to the Trust Indenture (Series 2005 C-E and Series 2006 C and D) and remarketed on or about April 13, 2009.

"**Trust Indenture**" means the trust indenture created pursuant to the Trust Indenture, as supplemented and amended.

"**Trust Documents**" means the following documents, as amended: the Trust Indenture dated November 1, 2005 between MOHELA and Wells Fargo Bank, as trustee (the "Trust Indenture," attached hereto as Exhibit 3); the Supplemental Trust Indenture No. 1 dated November 1, 2005 between MOHELA and Wells Fargo Bank, as trustee (attached hereto as Exhibit 4); the Supplemental Trust Indenture No. 2 dated April 1, 2006 between MOHELA and Wells Fargo Bank, as trustee (attached hereto as Exhibit 5); the Standby Bond Purchase Agreement dated November 1, 2005 between MOHELA, Wells Fargo Bank, and Depfa (attached hereto as Exhibit 6; the Standby Bond Purchase Agreement dated November 1, 2005 between MOHELA, Wells Fargo Bank, and Depfa (attached hereto as Exhibit 7); the Remarketing Agreement dated November 1, 2005 between MOHELA and A.G. Edwards (attached hereto as Exhibit 8); the Remarketing

*Thompson Coburn*

Agreement dated April 1, 2006 between MOHELA and A.G. Edwards (attached hereto as **Exhibit 9**); and any other documents executed by MOHELA, on the one hand, and Wells Fargo Bank, Wachovia Bank, A.G. Edwards, or Depfa, on the other hand, in connection therewith.

"**Wachovia Bank**" means Wachovia Bank, N.A. and any of its affiliated entities, subsidiaries, parent companies, holding companies, successors, receivers, assigns, divisions, officers, directors, employees, agents, representatives, attorneys, experts, investigators, and anyone acting on behalf of any of the foregoing.

"**Wells Fargo Bank**" means Wells Fargo Bank, N.A. and any of its affiliated entities, subsidiaries, parent companies, holding companies, successors, receivers, assigns, divisions, officers, directors, employees, agents, representatives, attorneys, experts, investigators, and anyone acting on behalf of any of the foregoing.

"**You**" and "**Thompson Coburn**" mean Thompson Coburn LLP and any of Thompson Coburn LLP's attorneys, partners, associates, members, shareholders, affiliated entities, subsidiaries, parent companies, holding companies, successors, assigns, divisions, officers, directors, employees, agents, representatives, experts, investigators, and anyone acting on behalf of any of the foregoing, including but not limited to Sara Kotthoff, Michael Lause, and Lisa Thorp.

"**Your**" shall mean the possessive form of You.

*Any other capitalized terms not specifically defined herein shall have the meaning given to them in, and/or in accordance with, the Complaint.*

## DOCUMENTS REQUESTED

All of the document requests below are limited to documents not protected by the attorney-client privilege.

1. All documents relied upon by Sara Kotthoff in performing the analysis reflected in the April 17, 2009 Email.

2. All documents which refer or relate to the analysis reflected in the April 17, 2009 Email.

3. All documents which refer to, relate to or otherwise support the conclusion that National became the applicable Bond Insurer under the Substitute Bond Insurance Policy provisions, as set forth in the April 17, 2009 Email.

4. All documents concerning or relating to communications between You, on the one hand, and MBIA, on the other hand, regarding the Remarketed Bonds, during the period of July 1, 2008 to November 5, 2009 inclusive.

3

*Thompson Coburn*

5. All documents concerning or relating to communications between You, on the one hand, and MBIA Illinois, on the other hand, regarding the Remarketed Bonds, during the period of July 1, 2008 to November 5, 2009 inclusive.

6. All documents concerning or relating to communications between You, on the one hand, and National, on the other hand, regarding the Remarketed Bonds, during the period of July 1, 2008 to November 5, 2009 inclusive.

7. All documents concerning or relating to communications between You, on the one hand, and Depfa, on the other hand, regarding the Remarketed Bonds, during the period of July 1, 2008 to November 5, 2009 inclusive.

8. All documents concerning or relating to communications between You, on the one hand, and Moody's, on the other hand, regarding the Remarketed Bonds, during the period of July 1, 2008 to November 5, 2009 inclusive.

9. All documents concerning or relating to communications between You, on the one hand, and S&P, on the other hand, regarding the Remarketed Bonds, during the period of July 1, 2008 to November 5, 2009 inclusive.

10. All documents concerning or relating to communications between You, on the one hand, and Wells Fargo Bank, on the other hand, regarding the Remarketed Bonds, during the period of July 1, 2008 to November 5, 2009 inclusive.

11. All documents concerning or relating to communications between You, on the one hand, and Wachovia Bank, on the other hand, regarding the Remarketed Bonds, during the period of July 1, 2008 to November 5, 2009 inclusive.

12. All documents concerning or relating to communications between You, on the one hand, and Wells Fargo Bank, on the other hand, regarding any proposed terms of, drafts of, or the

*Thompson Coburn*

execution of any of the Trust Documents, during the period of January 1, 2005 to July 1, 2006 inclusive.

13. All documents concerning or relating to communications between You, on the one hand, and A.G. Edwards, on the other hand, regarding any proposed terms of, drafts of, or the execution of any of the Trust Documents, during the period of January 1, 2005 to July 1, 2006 inclusive.

14. All documents concerning or relating to communications between You, on the one hand, and Depfa, on the other hand, regarding any proposed terms of, drafts of, or the execution of any of the Trust Documents, during the period of January 1, 2005 to July 1, 2006 inclusive.

15. All documents which refer or relate to any communications which took place after You sent the April 17, 2009 Email, between You and any of the entities identified in Paragraph 15(a) through 15(f) below, regarding any of the matters set forth in the April 17, 2009 Email.

    (a)    MBIA

    (b)    MBIA Illinois

    (c)    National

    (d)    Depfa

    (e)    Wachovia Bank

    (f)    Wells Fargo Bank

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MISSOURI

Higher Education Loan Authority of the State of MO

V.

Wells Fargo Bank, N.A., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 4:10-cv-01230 JAR

TO: Thompson Coburn LLP
505 N. 7th St., Ste. 2700
St. Louis, MO 63101

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Bryan Cave, LLP, 211 N. Broadway, Ste. 3600, St. Louis, MO 63102 | DATE AND TIME  1/31/2011 9:30 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit A

| PLACE  Bryan Cave, LLP, 211 N. Broadway, Ste. 3600, St. Louis, MO 63102 | DATE AND TIME  1/31/2011 9:30 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Adam J. Hochschild | 1/11/2012 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Adam S. Hochschild, Attorney for Defendants; Bryan Cave LLP, 211 N. Broadway, Ste. 3600, St. Louis, MO 63102; 314-259-2000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
 (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
  (iv) subjects a person to undue burden.
  (B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
  (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
  (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
  (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A

## DEFINITIONS

**"A.G. Edwards"** means A.G. Edwards & Sons, Inc. and any of its affiliated entities, subsidiaries, parent companies, holding companies, successors, receivers, assigns, divisions, officers, directors, employees, agents, representatives, attorneys, experts, investigators, and anyone acting on behalf of any of the foregoing.

**"And" and "or"** shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The use of the words **"include(s)" and "including"** shall be construed to mean "without limitation."

**"April 17, 2009 Email"** means the April 17, 2009 email sent by Sara Kotthoff attached at **Exhibit 1** hereto.

**"Bonds Issued Pursuant to the Trust Indenture"** means the MOHELA bonds issued in November 2005 and April 2006 pursuant to the Trust Indenture.

**"Communication" or "Correspondence"** means any contact between two or more Persons and includes without limitation: (1) written contact, including electronic mail, and all attachments thereto, or oral contact by such means as face-to-face meeting or telephone conversation; (2) contact between two or more Persons who are affiliated with or employed by the same entity or organization; and (3) contact between two or more Persons who are not affiliated with or employed by the same entity or organization.

**"Complaint"** refers to the First Amended Complaint and the claims contained within the First Amended Complaint filed on February 18, 2011 in the United States District Court, Eastern District of Missouri, as Case No: 4:10-cv-1230, as amended. The First Amended Complaint is attached hereto as **Exhibit 2**.

**"Depfa"** means Depfa Bank plc and any of its affiliated entities, subsidiaries, parent companies, holding companies, successors, receivers, assigns, divisions, officers, directors, employees, agents, representatives, attorneys, experts, investigators, and anyone acting on behalf of any of the foregoing.

**"Document(s)," "documentation," "file(s)," or "records(s)"** means the original and any non-identical copy (which is different from the original or any copy because of notations thereon or attached thereto or otherwise) or drafts of any written, recorded, printed, typewritten, handwritten, graphic, filmed, videotaped or computer generated, discs or hard drive retained matter however produced, reproduced or recorded, whether intended for internal or external use or review or otherwise, including without limitation: letters, telegrams, telex, telefax or telecopy reproductions, emails, memoranda, reports, studies, diaries (or extracts thereof), minutes, pamphlets, notes, tables, charts, bulletins, calendars, tabulations, analyses, forecasts, pro forma projections, appraisals, statistical information accumulations, records of meetings and conversations of any kind, film impressions, photographs, magnetic tape, sound or mechanical reproductions, recordings, proposals, contracts and amendments, offers, counteroffers, drafts of contracts, receipts, telephone records, computer printouts, computer software and computer programs, advertisements, telephone listings,

1

stationary, invoices, bills, purchase orders, regulatory filings, formal or informal board of directors, shareholders or employee meeting minutes or other notes, memoranda, or reports from such meetings (whether or not a quorum was present), employee notices, announcements or disclosures, corporate authorizations, stock quotes, appraisals or forecasts, and financial records of whatsoever kind which are in your actual or constructive possession, custody or control or known or believed by you to exist or to have existed. Without limitation, as used in this definition, the word document is to be construed as broadly as is conceivable and is deemed to be or to have been in your "control" if you now have or, have had the right to secure the document or a copy thereof from another person or governmental entity having actual physical possession thereof.

**"MBIA"** means MBIA Insurance Corporation and any of its affiliated entities, subsidiaries, parent companies, holding companies, successors, receivers, assigns, divisions, officers, directors, employees, agents, representatives, attorneys, experts, investigators, and anyone acting on behalf of any of the foregoing.

**"MBIA Illinois"** means MBIA Insurance Corporation of Illinois and any of its affiliated entities, subsidiaries, parent companies, holding companies, successors, receivers, assigns, divisions, officers, directors, employees, agents, representatives, attorneys, experts, investigators, and anyone acting on behalf of any of the foregoing.

**"MOHELA"** means the Higher Education Loan Authority of the State of Missouri.

**"Morgan Stanley"** means Morgan Stanley and any of its affiliated entities, subsidiaries, parent companies, holding companies, successors, receivers, assigns, divisions, officers, directors, employees, agents, representatives, attorneys, experts, investigators, and anyone acting on behalf of any of the foregoing.

**"National"** means National Public Finance Guaranty Corporation and any of its affiliated entities, subsidiaries, parent companies, holding companies, successors, receivers, assigns, divisions, officers, directors, employees, agents, representatives, attorneys, experts, investigators, and anyone acting on behalf of any of the foregoing.

**"Person"** means any natural person and any proprietorship, corporation, public corporation, municipal corporation, state government, local government, governmental agency, subsidiary, group, association, partnership, committee, or other entity.

**"Remarketed Bonds"** means the $40 million of Bonds Issued Pursuant to the Trust Indenture (Series 2005 C-E and Series 2006 C and D) and remarketed on or about April 13, 2009.

**"Trust Indenture"** means the trust indenture created pursuant to the Trust Indenture, as supplemented and amended.

**"Trust Documents"** means the following documents, as amended: the Trust Indenture dated November 1, 2005 between MOHELA and Wells Fargo Bank, as trustee (the "Trust Indenture," attached hereto as **Exhibit 3**); the Supplemental Trust Indenture No. 1 dated November 1, 2005 between MOHELA and Wells Fargo Bank, as trustee (attached hereto as **Exhibit 4**); the Supplemental Trust Indenture No. 2 dated April 1, 2006 between MOHELA and Wells Fargo Bank,

Case: 4:10-cv-01230-JAR  Doc. #: 99-2  Filed: 03/27/12  Page: 11 of 12 PageID #: 1269

as trustee (attached hereto as **Exhibit 5**); the Standby Bond Purchase Agreement dated November 1, 2005 between MOHELA, Wells Fargo Bank, and Depfa (attached hereto as **Exhibit 6**; the Standby Bond Purchase Agreement dated November 1, 2005 between MOHELA, Wells Fargo Bank, and Depfa (attached hereto as **Exhibit 7**); the Remarketing Agreement dated November 1, 2005 between MOHELA and A.G. Edwards (attached hereto as **Exhibit 8**); the Remarketing Agreement dated April 1, 2006 between MOHELA and A.G. Edwards (attached hereto as **Exhibit 9**); and any other documents executed by MOHELA, on the one hand, and Wells Fargo Bank, Wachovia Bank, A.G. Edwards, or Depfa, on the other hand, in connection therewith.

"**Wachovia Bank**" means Wachovia Bank, N.A. and any of its affiliated entities, subsidiaries, parent companies, holding companies, successors, receivers, assigns, divisions, officers, directors, employees, agents, representatives, attorneys, experts, investigators, and anyone acting on behalf of any of the foregoing.

"**Wells Fargo Bank**" means Wells Fargo Bank, N.A. and any of its affiliated entities, subsidiaries, parent companies, holding companies, successors, receivers, assigns, divisions, officers, directors, employees, agents, representatives, attorneys, experts, investigators, and anyone acting on behalf of any of the foregoing.

"**You**" **and** "**Thompson Coburn**" mean Thompson Coburn LLP and any of Thompson Coburn LLP's attorneys, partners, associates, members, shareholders, affiliated entities, subsidiaries, parent companies, holding companies, successors, assigns, divisions, officers, directors, employees, agents, representatives, experts, investigators, and anyone acting on behalf of any of the foregoing, including but not limited to Sara Kotthoff, Michael Lause, and Lisa Thorp.

"**Your**" shall mean the possessive form of You.

*Any other capitalized terms not specifically defined herein shall have the meaning given to them in, and/or in accordance with, the Complaint.*

## DOCUMENTS REQUESTED

**All of the document requests below are limited to documents not protected by the attorney-client privilege.**

16. All documents concerning or relating to communications between You, on the one hand, and MBIA, on the other hand, regarding refinancing of the Bonds Issued Pursuant to the Trust Indenture, during the period of January 1, 2009 to December 31, 2009 inclusive.

17. All documents concerning or relating to communications between You, on the one hand, and MBIA Illinois, on the other hand, regarding refinancing of the Bonds Issued Pursuant to the Trust Indenture, during the period of January 1, 2009 to December 31, 2009 inclusive.

*Thompson Coburn*

18. All documents concerning or relating to communications between You, on the one hand, and National, on the other hand, regarding refinancing of the Bonds Issued Pursuant to the Trust Indenture, during the period of January 1, 2009 to December 31, 2009 inclusive.

19. All documents concerning or relating to communications between You, on the one hand, and Depfa, on the other hand, regarding refinancing of the Bonds Issued Pursuant to the Trust Indenture, during the period of January 1, 2009 to December 31, 2009 inclusive.

20. All documents concerning or relating to communications between You, on the one hand, and Wells Fargo Bank, on the other hand, regarding refinancing of the Bonds Issued Pursuant to the Trust Indenture, during the period of January 1, 2009 to December 31, 2009 inclusive.

21. All documents concerning or relating to communications between You, on the one hand, and Wachovia Bank, on the other hand, regarding refinancing of the Bonds Issued Pursuant to the Trust Indenture, during the period of January 1, 2009 to December 31, 2009 inclusive.

22. All documents concerning or relating to communications between You, on the one hand, and Morgan Stanley, on the other hand, regarding refinancing of the Bonds Issued Pursuant to the Trust Indenture, during the period of January 1, 2009 to December 31, 2009 inclusive.