UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI,<br><br>    Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.; WACHOVIA BANK, N.A. n/k/a WELLS FARGO BANK, N.A.; and WACHOVIA SECURITIES, LLC n/k/a WELLS FARGO ADVISORS, LLC,<br><br>    Defendants. | Case No. 4:10-CV-01230 (JAR) |
| WACHOVIA BANK, N.A. n/k/a WELLS FARGO BANK, N.A.; and WACHOVIA SECURITIES, LLC n/k/a WELLS FARGO ADVISORS, LLC,<br><br>    Third-Party Plaintiffs,<br><br>  v.<br><br>DEPFA BANK PLC,<br><br>    Third-Party Defendant. | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEPFA BANK PLC'S MOTION TO DISMISS THE THIRD-PARTY COMPLAINT**

# **TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    I.    Wachovia Has No Claim For "Contribution and Indemnity"............................................ 2

        A.    Wachovia Has Abandoned Its Claim For Indemnity, Which Must Be Dismissed ......... 2

        B.    Wachovia's Contribution Claim is Baseless and Must Be Dismissed............................ 3

            1.    Wachovia Has Abandoned Its Claim For Contribution Based On Its Alleged Breach Of The Remarketing Agreements (Count IV) ................................................................ 3

            2.    Wachovia Cannot Seek Contribution From DEPFA For Wachovia's Breach Of Its Fiduciary Duties (Count V) And Wachovia's Negligent Remarketing (Count VI) .... 3

                a.    Wachovia Has Not Alleged That DEPFA Committed A Tort ................................ 4

                b.    DEPFA Is Not "Originally Liable" In Tort To MOHELA .................................... 5

                c.    Wachovia Has Not Alleged That It Shared A "Joint Obligation" With DEPFA To MOHELA ................................................................................................................ 8

    II.    The Court Lacks Personal Jurisdiction Over DEPFA ...................................................... 10

CONCLUSION ............................................................................................................................ 13

# TABLE OF AUTHORITIES

                                                                                                           **Page(s)**

**CASES**

*Aldein v. Asfoor*,
   213 S.W.3d 213 (Mo. Ct. App. 2007)..................................................................................12

*Am. Guar. & Liab. Ins. Co. v. United States Fid. & Guar. Co.*,
   668 F.3d 991 (8th Cir. 2012) ................................................................................................6

*Cash v. Benward*,
   873 S.W.2d 913 (Mo. Ct. App. 1994).................................................................................5

*Comp & Soft, Inc. v. AT&T Corp.*,
   252 S.W.3d 189 (Mo. Ct. App. 2008)..................................................................................7

*Epps v. Stuart Info. Corp.*,
   327 F.3d 642 (8th Cir. 2003) .............................................................................................11

*Farris v. Boyke*,
   936 S.W.2d 197 (Mo. Ct. App. 1996)................................................................................11

*Franzek v. Calspan Corp.*,
   78 A.D.2d 134, 434 N.Y.S.2d 288 (4th Dep't 1980)..........................................................6, 7, 8

*Gibson v. City of St. Louis*,
   349 S.W. 3d 460 (Mo. App. 2011)……...…………………………………….............8

*Hampton v. Federal Express Corp.*,
   917 F.2d 1119 (8th Cir. 1990) ...........................................................................................5, 7

*Harris v. Kansas City*,
   759 S.W.2d 236 (Mo. Ct. App. 1988)..................................................................................9

*Henderson v. United States*,
   965 F.2d 1488 (8th Cir. 1992) .............................................................................................7

*Hoffmann v. Empire Mach. & Tools Ltd.*,
   2011 U.S. Dist. LEXIS 49223 (W.D. Mo. May 9, 2011) .........................................................12

*In re TFT-LCD Antitrust (Flat Panel)*,
   2012 U.S. Dist. LEXIS 23278 (N.D. Cal. Feb. 23, 2012) ........................................................12

*Irwin v. Hoover Treated Wood Prods.*,
   906 F. Supp. 530 (E.D. Mo. 1995).......................................................................................2, 3

*Johnson v. Arden*,
 614 F.3d 785 (8th Cir. 2010) ...............................................................................................11

*K-V Pharm. Co. v. J. Uriach & CIA, S.A.*,
 648 F.3d 588 (8th Cir. 2011) ...............................................................................................12

*Merchants Bonding Co. v. Noland Law Office*,
 2010 U.S. Dist. LEXIS 92525 (W.D. Mo. Sept. 7, 2010) ....................................................10

*Miles v. Rich*,
 347 S.W.3d 477 (Mo. Ct. App. 2011)....................................................................................4

*Miller v. Nippon Carbon Co. Ltd.*,
 528 F.3d 1087 (8th Cir. 2008) .............................................................................................11

*Missouri Housing Dev. Com. v. Brice*,
 919 F.2d 1306 (8th Cir. 1990) ...............................................................................................9

*Myers v. Casino Queen*,
 2011 U.S. Dist. LEXIS 138703 (E.D. Mo. Dec. 2, 2011) ................................................6, 12

*NP Sterling Labs, Inc. v. Emergent Industr. Solutions, Inc.*,
 2009 U.S. Dist. LEXIS 337 (E.D. Mo. Jan. 6, 2009)...........................................................11

*Peters v. Employers Mut. Casualty Co.*,
 853 S.W.2d 300 (Mo. 1993) ..................................................................................................7

*Portnoy v. Defiance, Inc.*,
 951 F.2d 169 (8th Cir. 1991) ...............................................................................................13

*Precision Constr. Co. v. J.A. Slattery Co., Inc.*,
 765 F.2d 114 (8th Cir. 1985) ...............................................................................................12

*Primus Corp. v. Centreformat Ltd.*,
 2006 U.S. Dist. LEXIS 99421 (W.D. Mo. Jan. 23, 2006) ...................................................12

*Radaszewski v. Telecom Corp.*,
 981 F.2d 305 (8th Cir. 1992) ...............................................................................................11

*Record Wide Distr., Inc. v. Zayre Corp.*,
 1989 U.S. Dist. LEXIS 17905 (E.D. Mo. July 10, 1989) ....................................................11

*Sanders v. Ahmed*,
 2012 Mo. LEXIS 88 (Mo. Apr. 3, 2012) ...............................................................................8

*Servewell Plumbing, LLC v. Fed. Ins. Co.*,
 439 F.3d 786 (8th Cir. 2006) ...............................................................................................11

*Sommer v. Federal Signal Corp., et al.*,
   593 N.E.2d 1365 (N.Y. 1992) .................................................................................... 6, 7, 8

*State ex rel. Newport v. Wiesman*,
   627 S.W.2d 874 (Mo. 1982) ............................................................................................ 12

*State ex rel. Nixon v. Beer Nuts, Ltd*,
   29 S.W.3d 828 (Mo. Ct. App. 2000) ................................................................................ 12

*Stevenson v. Aquila Foreign Qualifications Corp.*,
   326 S.W.3d 920 (Mo. Ct. App. 2010) ................................................................................ 8

*Tractor-Trailer Supply Co. v. NCR Corp.*,
   873 S.W.2d 627 (Mo. Ct. App. 1994) ................................................................................ 7

*Warfield v. SEPTA*,
   2012 U.S. App. LEXIS 2358 (3d Cir. Feb. 6, 2012) ....................................................... 12

*Warren v. Cardoza Publ'g, Inc.*,
   2011 U.S. Dist. LEXIS 138701 (E.D. Mo. Dec. 2, 2011) ............................................... 12

*Will v. United States*,
   849 F.2d 315 (8th Cir. 1988) ............................................................................................. 9

*Wilson Tool & Die, Inc. v. TBDN-Tennessee Co.*,
   237 S.W.3d 611 (Mo. Ct. App. 2007) .............................................................................. 13

*Young v. Beard*,
   2009 U.S. Dist. LEXIS 87249 (M.D. Pa. May 29, 2009) ................................................ 12

**OTHER AUTHORITIES**

Restatement (Third) Agency, § 8.01 ............................................................................................. 4

# PRELIMINARY STATEMENT

DEPFA's Motion[1] demonstrated that Wachovia cannot allege *any* of the requisite elements of a claim for "contribution" or "indemnity." With the patent deficiencies in its claims exposed, Wachovia has abandoned its indemnity claim completely, and attempts to concoct some theory under which it may sue DEPFA for contribution among joint *tortfeasors* even in the absence of an allegation that DEPFA committed a tort. Wachovia's attempt fails under black-letter law, as Wachovia may not displace blame for its allegedly tortious self-dealing onto DEPFA, which allegedly failed to comply with a contractual notice provision.

Wachovia concedes that DEPFA's alleged infraction – failing to provide "prompt" notice (as required by contract) of an "Automatic Termination Event" (defined by contract) – is purely contractual in nature and origin. Wachovia therefore stakes its entire contribution claim on the unsubstantiated assertion that this Court's December 2, 2011 Order (the "December 2 Order") converted DEPFA's purely contractual duty into a tort, *i.e.,* wrongful conduct independent of the contract. Wachovia fundamentally misunderstands the December 2 Order, which in fact highlighted why Wachovia's alleged *fiduciary breaches and self-dealing* sound in tort, but DEPFA's alleged *failure to abide by a contractual notice provision* does not.

Even assuming Wachovia has alleged a tortious act by DEPFA (and it has not), the Opposition fails to explain how Wachovia has alleged the remaining prerequisites for a contribution claim; specifically, (i) DEPFA's "original liability" to MOHELA and (ii) DEPFA's "joint obligation" with Wachovia. With respect to DEPFA's "original liability," Wachovia's contention that it is not bound by the contract clause barring DEPFA's liability to MOHELA is

---

[1] Capitalized terms and abbreviations have the meaning given to them in DEPFA's memorandum of law in support of DEPFA's motion to dismiss the third-party complaint ("DEPFA's Motion"), cited to herein as "Br. at __". Wachovia's opposition to DEPFA's Motion is referred to herein as "Opposition" and cited to as "Opp. at __."

wrong because, among other things, Wachovia is bound by the exculpatory clause *as a third-party beneficiary of the contract.* With respect to DEPFA's "joint obligation" with Wachovia, Wachovia's conduct did not "coalesce" with DEPFA's to "cause" an "indivisible" injury to MOHELA, because DEPFA's alleged breach (*i.e.* failing to provide notice) did not cause MOHELA's harm, *i.e.* paying Wachovia an excessive rate of interest. Wachovia's claim therefore fails on each of the three essential elements of a contribution claim.

The Court also lacks personal jurisdiction over DEPFA. Unable to allege that DEPFA "transacted business" in Missouri for the purposes of the long-arm statute or Due Process, Wachovia responds (Opp. at 9-12) that jurisdiction is proper because DEPFA committed a tort with Missouri effects, and by asserting a new basis for jurisdiction absent from the Complaint: DEPFA's alleged execution of a contract in Missouri. But Wachovia has not alleged any tort by DEPFA, and, even if Wachovia had not waived a basis for personal jurisdiction not alleged in the Complaint (which it has), Wachovia has nonetheless failed to meet its burden to show that the relevant contracts were executed in Missouri.

## ARGUMENT

### I. Wachovia Has No Claim For "Contribution and Indemnity"

#### A. Wachovia Has Abandoned Its Claim For Indemnity, Which Must Be Dismissed

DEPFA's Motion established (Br. at 10-12) that Wachovia has not (and cannot) state a claim against DEPFA for express contractual indemnity, for implied contractual indemnity or for equitable indemnity. Wachovia's Opposition fails to defend (or even acknowledge) the baseless claim for "indemnification (legal and/or equitable)" alleged in its Complaint, (*see* Compl. ¶ 27), implicitly recognizing that the claim was frivolous. Wachovia has therefore abandoned its claim for indemnity, which must be dismissed. *See, e.g., Irwin v. Hoover Treated Wood Prods.*, 906 F.

Supp. 530, 534 n.2 (E.D. Mo. 1995) (claim for indemnification abandoned where asserting party did not brief the issue).

**B.     Wachovia's Contribution Claim Is Baseless And Must Be Dismissed**

DEPFA's Motion further established (Br. at 7-10) that Wachovia cannot seek contribution from DEPFA with respect to any of MOHELA's claims against Wachovia (for breach of contract, breach of fiduciary duty, and negligence) because Wachovia has not pled the basic elements of a contribution claim – liability *in tort* to the *same person* for the *same harm* – with respect to any of these claims.  The Opposition merely confirms these deficiencies, and underscores why Wachovia's Complaint must be dismissed.

**1.     Wachovia Has Abandoned Its Claim For Contribution Based On Its Alleged Breach Of The Remarketing Agreements (Count IV)**

DEPFA's Motion demonstrated (Br. at 7-8) that contribution is not available with respect to breach of contract as a matter of black letter law, and that, as a result, Wachovia cannot seek contribution from DEPFA for its own liability to MOHELA for breaching the Remarketing Agreements (Count IV of MOHELA's Complaint).  Recognizing that contribution is unavailable for breach of contract, the Opposition makes no attempt to defend its claim for contribution as to Count IV of MOHELA's complaint.  That claim has therefore been abandoned, and must be dismissed with prejudice.  *See Irwin*, 906 F. Supp. at 534 n.2.

**2.     Wachovia Cannot Seek Contribution From DEPFA For Wachovia's Breach Of Its Fiduciary Duties (Count V) And Wachovia's Negligent Remarketing (Count VI)**

DEPFA's Motion further established (Br. at 8-10) that Wachovia's claims for contribution arising out of Wachovia's tort liability to MOHELA are fundamentally deficient, because Wachovia did not (and cannot) allege any of the essential elements of a contribution claim: *i.e.,* that DEPFA (a) committed a tort; (b) is "originally liable" to MOHELA; and (c)

3

shared a "joint liability" with Wachovia. Wachovia's responses (Op. at 2-8) are unavailing, and the Complaint must be dismissed in its entirety.

a. <u>Wachovia Has Not Alleged That DEPFA Committed A Tort</u>

DEPFA's Motion established (Br. at 10) that DEPFA cannot be liable for contribution because Wachovia has not alleged the most basic element of a claim for contribution among joint *tortfeasors*: that DEPFA committed a tort. *See, e.g., Miles v. Rich*, 347 S.W.3d 477, 482 (Mo. Ct. App. 2011). Wachovia concedes this crucial point in the Opposition, arguing that Wachovia's contribution claim is "based upon . . . DEPFA's failure to perform duties *set forth in the Purchase Agreements*" (Opp. at 14 (emphasis added)), and that the only duty DEPFA failed to perform was the duty to give "prompt" notice of an "Automatic Termination Event" under the *Purchase Agreements*. (Compl. ¶¶ 11, 18). The absence of any tort alleged against DEPFA – conceded by Wachovia – is dispositive of Wachovia's contribution claim.

Wachovia's sole argument for staving off dismissal is the extraordinary (and unexplained) assertion (Opp. at 6-7) that Judge Fleissig's December 2 Order somehow converts DEPFA's alleged breaches into tortious conduct.

Wachovia is wrong, and misconstrues the December 2 Order. The December 2 Order held that MOHELA could pursue claims for breach of fiduciary duty and negligence against Wachovia – despite MOHELA's contractual relationship with Wachovia in the Remarketing Agreements – because *in addition* to alleged breaches of those Agreements, MOHELA *also* alleged that Wachovia, *as MOHELA's agent,* breached non-contractual duties to MOHELA by placing itself "in a position antagonistic to [MOHELA]" by engaging in self-dealing. (December 2 Order at 16.)[2] In other words, the December 2 Order concluded that Wachovia's alleged

---

[2] *See* Restatement (Third) Agency, § 8.01 ("An agent has a fiduciary duty to act loyally for the principal's benefit in all matters connected with the agency relationship").

4

conduct was actionable in tort because it constituted wrongful actions that were "more than a []
failure to perform" under the Remarketing Agreements. *See Cash v. Benward*, 873 S.W.2d 913,
917 (Mo. Ct. App. 1994). *See also Hampton v. Federal Express Corp.*, 917 F.2d 1119, 1123 (8th
Cir. 1990) ("Tort liability . . . arises from 'general obligations that are imposed by law – apart
from and independent of promises made and therefore apart from the manifested intention of the
parties – to avoid injury to others'") (*citing* W. Keeton, *Prosser and Keeton on the Law of Torts*
§ 92 (5th ed. 1984)).

Unlike Wachovia, DEPFA is not alleged to have acted as MOHELA's agent; is not
alleged to have engaged in self-dealing or other conduct antagonistic to MOHELA; and is not
alleged to have breached any "general obligation imposed by law."[3] To the contrary, the sole
allegation against DEPFA in the Complaint is that DEPFA breached a duty that is purely
contractual in nature and origin – to provide "prompt" notice of a contractually-defined
"Automatic Termination Event." It is manifestly dispositive of Wachovia's contribution claim
that DEPFA's obligation to provide notice – unlike Wachovia's allegations to MOHELA –
*would not exist in the absence of the contract.* Therefore, even assuming that DEPFA failed in
performing its contractual duty (which it did not), that failure was not a tort, and DEPFA cannot
be liable in contribution for failing to perform it. Because Wachovia's misplaced reliance on the
December 2 Order is the sole basis for Wachovia's assertion that DEPFA is liable in tort,
Wachovia's contribution claim must be dismissed.

### b.      DEPFA Is Not "Originally Liable" In Tort To MOHELA

Even assuming Wachovia had alleged a tort by DEPFA (and it plainly has not),
Wachovia has nonetheless failed to plead that DEPFA is "originally liable" to MOHELA,

---

[3]      Wachovia's assertion (Opp. at 7) that the Court would need to revisit its December 2 Order in order to dismiss Wachovia's flawed contribution claim is therefore false.

because the Purchase Agreements expressly state that DEPFA's alleged infraction does not give rise to liability. (*See* Br. at 8-9.)

Faced with this unequivocal prohibition on DEPFA's liability to MOHELA, and the equally unequivocal Missouri law (Br. at 8-9) holding that *actionable* negligence toward MOHELA is required to state a claim for contribution, Wachovia argues (Opp. at 2-4) that actionable negligence is not required based solely on inapposite New York authority suggesting that contribution claims can be premised on non-actionable duties.[4] *Sommer v. Federal Signal Corp., et al.*, 593 N.E.2d 1365 (N.Y. 1992) ("*Sommer*"); *Franzek v. Calspan Corp.*, 78 A.D.2d 134, 434 N.Y.S.2d 288 (4th Dep't 1980) ("*Franzek*"). Initially, Wachovia misplaces reliance on New York law given that its Complaint expressly seeks contribution "to the fullest extent permitted by *Missouri* statute and/or common law" (Compl. ¶ 27 (emphasis added)), and that this Court has already rejected Wachovia's attempts to rely on contrary New York law.[5]

In any event, *Sommer* and *Franzek* are totally inapplicable here, because in neither case were the defendants seeking contribution bound by the contract containing the exculpatory clause. The distinction is dispositive. The defendants permitted to seek contribution in *Sommer* and *Franzek* based on non-actionable duties were *complete strangers* to the contracts with the

---

[4] Wachovia's contention (Opp. at 3, n.1) that the issue of whether an exculpatory clause in a contract with an injured party bars claims for contribution by joint tortfeasors "is an issue of first impression in Missouri" is false. There is no issue of first impression here, because DEPFA is not alleged to have committed a tort, and *Sommer* and *Franzek* are therefore inapposite. *See Sommer*, 593 N.E.2d at 1373 ("contribution does not lie in contract cases"). Nor has DEPFA "conceded" that Missouri and New York law are in accord with respect to each aspect of Wachovia's claims; rather, DEPFA accepted Wachovia's allegation that Missouri law applied to this action for the purposes of this motion. (Br. at 7, n.9.)

[5] *See* December 2 Order at 16. Notably, if New York law applied here (and it does not), that could only be because the Court had determined that the relevant "tort" was committed in New York, *see Am. Guar. & Liab. Ins. Co. v. United States Fid. & Guar. Co.*, 668 F.3d 991, 997 (8th Cir. 2012) ("the place where the act takes harmful effect or produces the result complained of . . . determin[es] the location of the injury."), in which case personal jurisdiction could not be founded on DEPFA's supposed commission of a tort having effects in Missouri. *Myers v. Casino Queen*, 2011 U.S. Dist. LEXIS 138703, at *6 (E.D. Mo. Dec. 2, 2011).

6

injured party that contained the relevant "exculpatory clauses." *See Sommer*, 593 N.E.2d at 1373; *Franzek*, 78 A.D.2d at 137-38, 434 N.Y.S.2d at 290. Indeed, Wachovia ignores that *Sommer* addressed contribution claims brought by a differently-situated defendant, and *barred* contribution claims by that defendant who was bound by the contract containing the exculpatory clause. *Sommer*, 593 N.E.2d at 559. It is undisputed that Wachovia was an intended third-party beneficiary of the Purchase Agreements[6] and was referenced in the very clause in the Purchase Agreements *absolving DEPFA of any and all liability for failing to give notice*. Accordingly, unlike the defendants seeking contribution in *Sommer* and *Franzek*, Wachovia had notice (and was an intended beneficiary) of the relevant "exculpatory clause," and is bound thereby. *See Hampton*, 917 F.2d at 1124, 1126 (third-party beneficiary bound by limitation of liability clause in contract); *Tractor-Trailer Supply Co. v. NCR Corp.*, 873 S.W.2d 627, 631 (Mo. Ct. App. 1994) (third-party beneficiary "will be bound by contract's limitations"). Because Wachovia is a third-party beneficiary of the Repurchase Agreements, Wachovia cannot seek contribution from DEPFA under the Missouri law that applies (or the New York law that does not) because the requisite "original liability" to MOHELA is lacking.[7]

---

[6] A party is a third-party beneficiary if "the contract terms 'clearly express' an intent to benefit [] that party." *Peters v. Employers Mut. Casualty Co.*, 853 S.W.2d 300, 301 (Mo. 1993). Wachovia concedes (Opp. at 3) that the Purchase Agreements obligated DEPFA to provide written notice of an Automatic Termination Event to MOHELA, Wachovia, and others. (Ex. 1 § 7.02(b).) Because Section 7.02(b) of the Purchase Agreements "clearly express an intent to benefit" Wachovia, Wachovia is an intended third-party beneficiary of the Purchase Agreements, and, more specifically, of DEPFA's obligation to give notice of an Automatic Termination Event. *Comp & Soft, Inc. v. AT&T Corp.*, 252 S.W.3d 189 (Mo. Ct. App. 2008) (Opp. at 3) is therefore inapposite, because the party seeking contribution was not a party to or third-party beneficiary of the contract.

[7] Wachovia makes the baseless assertion (Opp. at 4-5) that DEPFA's conduct was "grossly negligent" so as to trump the "exculpatory clause" and render DEPFA "originally liable" to MOHELA for gross negligence. This is nonsensical, as the Complaint does not allege that DEPFA's conduct was grossly negligent. The cases relied on by Wachovia make clear that gross negligence is conduct that "smacks of intentional wrongdoing" or "evinces a reckless indifference to the rights of others." *Sommer*, 593 N.E.2d at 1371 (*citing*, Restatement [Second] of Contracts § 195(1)). *See also Henderson v. United States*, 965 F.2d 1488, 1493 (8th Cir. 1992) (Missouri law "equates gross negligence with reckless

7

c.  Wachovia Has Not Alleged That It Shared
A "Joint Obligation" With DEPFA To MOHELA

DEPFA's Motion further established (Br. at 9-10) that Wachovia has not alleged the existence of a "joint obligation" shared by Wachovia and DEPFA, because as liquidity provider for the Bonds, DEPFA had neither the duty nor the ability to engage in the conduct that allegedly caused MOHELA's harm, *i.e.,* "remarketing" the Bonds at excessive rates of interest.[8]  Relying entirely on cases[9] in which the Court held that no "joint obligation" existed, Wachovia contends (Opp. at 7) that Wachovia and DEPFA shared a "joint obligation" because their respective tortious acts "coalesced in a single transaction of facts to cause an indivisible, alleged injury to MOHELA."  But Wachovia does not explain – in its Complaint or the Opposition – how its conduct "coalesced" with DEPFA's conduct to form MOHELA's injury.[10]

Contrary to Wachovia's vague and unsubstantiated assertion, DEPFA's conduct (accepting the allegations in Wachovia's Complaint) was not the proximate cause of MOHELA's alleged injury for several reasons.[11]  *First*, authority to set the interest rates on the Bonds was

---

disregard for proper conduct").  Wachovia's Opposition fails to identify a single allegation in the Complaint that could remotely support such a finding.  (Indeed, the Complaint does not allege facts to suggest that DEPFA's conduct was *negligent*, let alone grossly negligent.)  In other words, Wachovia's attempt to avoid dismissal based on DEPFA's supposed "gross negligence" is not only unsubstantiated, but improper.

[8]  (*See* FAC ¶ 51; *see also* December 2 Order at 7 (MOHELA alleges that it "was damaged by having to pay excessive interest on the remarketed bonds, and by having to delay efforts to refinance the 2005 Trust.").)

[9]  Wachovia's "joint liability" argument (Opp. at 7) rests on two cases in which the Court held there *was no joint liability* because the tortfeasors' alleged conduct occurred at different times and did not cause the same injury.  *See Gibson v. City of St. Louis,* 349 S.W. 3d 460, 466 (Mo. App. 2011); *Stevenson v. Aquila Foreign Qualifications Corp.*, 326 S.W.3d 920, 926 (Mo. Ct. App. 2010).

[10]  Wachovia's deliberately nebulous allegation that DEPFA's conduct was "otherwise causal of" MOHELA's injury (Compl. ¶ 26) reflects Wachovia's inability to articulate how DEPFA's alleged conduct actually caused MOHELA's harm.

[11]  *See, e.g., Sanders v. Ahmed,* 2012 Mo. LEXIS 88, at *34 (Mo. Apr. 3, 2012) ("Joint and several liability occurs where the concurrent or successive negligent acts or omissions of two or more persons,

8

vested solely with Wachovia pursuant to the Remarketing Agreements (FAC ¶ 11), and DEPFA is not alleged to have played any role whatsoever in setting those interest rates. Indeed, Wachovia "continued to set the weekly interest on the Remarketed Bonds at 6.0% or higher," (FAC ¶ 41), even *after* DEPFA gave notice of an Automatic Termination Event on April 22, 2009 (*see* Compl. ¶14). *Second*, Wachovia admits[12] (Ans. ¶ 27) that it knew, "in February 2009", about the facts that it now claims should have caused DEPFA to provide notice of an Automatic Termination Event: the February 18, 2009 downgrade of MBIA's credit rating. Because Wachovia knew of the event that it claims DEPFA failed to publicize (*see* Compl. ¶ 15-16), DEPFA's alleged failure to give notice could not have proximately caused MOHELA's injury. *See, e.g., Will v. United States*, 849 F.2d 315, 318 (8th Cir. 1988) (failure to warn does not proximately cause injury to person with actual knowledge of dangerous condition); *see also Harris v. Kansas City*, 759 S.W.2d 236, 237 (Mo. Ct. App. 1988) (failure to give notice of inoperable water service was not the proximate cause of fire damage to plaintiff's property because "the problem was not a lack of notice but a lack of water").

In sum, accepting the allegations in MOHELA's and Wachovia's complaints, MOHELA paid excessive interest on the Bonds because of Wachovia's self-dealing as MOHELA's agent – not because DEPFA failed to notify Wachovia of an event that Wachovia already knew about. Wachovia and DEPFA therefore did not share a "joint liability" to MOHELA as "joint tortfeasors"[13], and Wachovia cannot seek contribution from DEPFA for liability it may have to

---

although acting independently of each other, are, in combination, the *direct and proximate cause* of a single injury to a third person") (emphasis added).

[12] *See Missouri Housing Dev. Com. v. Brice*, 919 F.2d 1306, 1314 (8th Cir. 1990) (admissions in pleadings are "judicial admissions binding upon the parties").

[13] As set forth *supra* in Section I(B)(2)(a), DEPFA was not a "joint tortfeasor" because it is not alleged to have committed a tort.

9

MOHELA arising out of its own tortious conduct.[14]

## II. The Court Lacks Personal Jurisdiction Over DEPFA

DEPFA's Motion (Br. at 12-15) established – and the Opposition confirms – that Wachovia cannot meet its burden of demonstrating that the Court has personal jurisdiction over DEPFA.

Wachovia's primary argument in favor of jurisdiction (Opp. at 10-11) is that DEPFA is alleged to have committed a tort with Missouri effects. As set forth *supra* Section I(B)(2)(a), however, Wachovia has not alleged tortious conduct by DEPFA, because DEPFA's alleged failure to provide "prompt notice" pursuant to a contract is fundamentally different from the alleged self-dealing and fiduciary breaches by Wachovia that prompted the Court, in the December 2 Order, to allow MOHELA's tort claims to proceed. Wachovia therefore has not alleged that DEPFA committed a tort with effects in Missouri, or anywhere else.[15]

With respect to personal jurisdiction based on DEPFA "transacting business" in Missouri, Wachovia (Opp. at 12-15) points to no case in which contacts as limited as those at issue here – *i.e.,* failing to give notice under a contract and sending a contractual termination letter to Missouri entities (*see* Compl. ¶¶ 14, 18) – were sufficient to confer long-arm jurisdiction. Wachovia therefore impermissibly relies on conduct by DEPFA that did *not* give rise to Wachovia's claims (*see* Opp. at 12-13) – *e.g.*, DEPFA's providing liquidity for MOHELA's Bonds – to attempt to show "transacting business." This conduct is immaterial to the analysis,

---

[14]     DEPFA does not, as Wachovia falsely claims (Opp. at 7), contend that "joint liability" requires that two tortfeasors commit the "same tort" and owe an injured party "the *same duty*." To the contrary, DEPFA argued (Br. at 9-10) that no "joint liability" exists where two parties are alleged to owe the injured party fundamentally distinct obligations, one in contract (DEPFA), and the other in tort (Wachovia). *See Merchants Bonding Co. v. Noland Law Office*, 2010 U.S. Dist. LEXIS 92525, at *7 (W.D. Mo. Sept. 7, 2010).

[15]     Each of the cases Wachovia cites (Opp. at 10-11) is inapposite because in each case, the defendants were alleged to have committed an actual tort.

however, because Wachovia's claim does not "arise from" those activities. (*See* Br. at 14.) Long-arm jurisdiction based on "the transaction of business" is therefore non-existent.[16]

Yet even if this Court were to consider (and it should not), in connection with the "transacting business" analysis, the fact that DEPFA (through its New York branch) contracted to provide (and provided) liquidity for Bonds issued by MOHELA (a Missouri entity), such conduct would *still* be insufficient to vest the Court with personal jurisdiction over DEPFA. It is *DEPFA's* activities in the state, not MOHELA's, that "dictate[s] whether" jurisdiction exists. *Servewell Plumbing, LLC v. Fed. Ins. Co.*, 439 F.3d 786, 790 (8th Cir. 2006); *Record Wide Distr., Inc. v. Zayre Corp.*, 1989 U.S. Dist. LEXIS 17905, at *6 (E.D. Mo. July 10, 1989) (plaintiff's performance of contract in Missouri "is not sufficient to establish the 'transaction of business' requirement"). That MOHELA issued Bonds and engaged in other conduct in Missouri is therefore irrelevant, especially given that Wachovia, not MOHELA, is plaintiff in this third-party action. There is likewise no dispute that DEPFA provided liquidity for the Bonds while "acting through its New York branch" (Ex. 1), and "mere purchases" do not give rise to jurisdiction under Missouri's long arm statute or the Due Process Clause.[17] (Br. at 14.) And Wachovia simply ignores the controlling Eighth Circuit decisions cited in DEPFA's brief that found that conduct similar to that at issue here – out of state defendants providing services to

---

[16] Tellingly, Wachovia's jurisdictional arguments rely almost exclusively on cases (Op. at 8-14) where the Court found that plaintiff had failed to demonstrate jurisdiction over the defendant(s). *See, e.g., Radaszewski v. Telecom Corp.*, 981 F.2d 305 (8th Cir. 1992); *Miller v. Nippon Carbon Co. Ltd.*, 528 F.3d 1087 (8th Cir. 2008); *Epps v. Stuart Info. Corp.*, 327 F.3d 642 (8th Cir. 2003); *Johnson v. Arden*, 614 F.3d 785 (8th Cir. 2010); *NP Sterling Labs, Inc. v. Emergent Industr. Solutions, Inc.*, 2009 U.S. Dist. LEXIS 337 (E.D. Mo. Jan. 6, 2009); *Farris v. Boyke*, 936 S.W.2d 197 (Mo. Ct. App. 1996).

[17] Wachovia offers the empty assertion (Opp. at 13) that "there is much more than 'mere purchases,'" but does not refer to any legally sufficient contacts between DEPFA and Missouri.

11

Missouri entities – insufficient to confer jurisdiction.[18] (*See* Br. at 14, n.19.)  In sum, Wachovia has failed to meet its burden of showing that DEPFA "transacted business" in Missouri even taking into account, improperly, conduct by DEPFA that did not give rise to Wachovia's claims.

With no viable basis for claiming personal jurisdiction over DEPFA, Wachovia argues that personal jurisdiction exists on a ground not alleged in the Complaint:  DEPFA's making a contract within Missouri.  (Opp. at 12 (*citing* R.S.Mo. § 506.500.1(2).)  Even assuming that Wachovia had not waived this basis for jurisdiction by failing to allege it in the Complaint (and it has[19]), Wachovia has not alleged, as required, that the "final act of acceptance" occurred in Missouri.  *Warren v. Cardoza Publ'g, Inc.*, 2011 U.S. Dist. LEXIS 138701, at *13 (E.D. Mo. Dec. 2, 2011); *Primus Corp. v. Centreformat Ltd.*, 2006 U.S. Dist. LEXIS 99421, at *9 (W.D. Mo. Jan. 23, 2006) (jurisdiction lacking where, as here, plaintiff "failed to make a *prima facie* showing that the Agreement was executed in Missouri").  Instead, Wachovia makes only the unsubstantiated assertion (Opp. at 12) that "the date of the contract and the signatures of the parties show that the Purchase Agreements were accepted by all parties contemporaneously."

---

[18]   *See Myers*, 2011 U.S. Dist. LEXIS 138703, at *8 ("the contact requirements for long-arm jurisdiction are more stringent" if providing a service as opposed to placing products in stream of commerce).  Virtually all of the cases that Wachovia relies upon to argue, among other things, that DEPFA transacted business in Missouri are distinguishable because DEPFA provided a service as liquidity provider, and did not deliver goods into Missouri.  *Cf. Hoffmann v. Empire Mach. & Tools Ltd.*, 2011 U.S. Dist. LEXIS 49223 (W.D. Mo. May 9, 2011); *State ex rel. Newport v. Wiesman*, 627 S.W.2d 874 (Mo. 1982); *State ex rel. Nixon v. Beer Nuts, Ltd*, 29 S.W.3d 828 (Mo. Ct. App. 2000); *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588 (8th Cir. 2011); *Precision Constr. Co. v. J.A. Slattery Co., Inc.*, 765 F.2d 114 (8th Cir. 1985); *Aldein v. Asfoor*, 213S.W.3d 213 (Mo. Ct. App. 2007).

[19]   *See, e.g., Warfield v. SEPTA*, 2012 U.S. App. LEXIS 2358, *14 (3d Cir. Feb. 6, 2012) (argument made for first time in opposition brief and did not seek leave to amend complaint was waived); *In re TFT-LCD Antitrust (Flat Panel)*, 2012 U.S. Dist. LEXIS 23278, at *34-37 (N.D. Cal. Feb. 23, 2012) (court did not consider arguments made for first time in opposition brief and dismissed complaint); *Young v. Beard*, 2009 U.S. Dist. LEXIS 87249, at *19 n.7 (M.D. Pa. May 29, 2009) ("A claim asserted for the first time in an opposition brief . . . is waived").

This is insufficient to show that the contracts were "made within Missouri"[20], especially where the title page of the Purchase Agreements provide that DEPFA was "acting through its New York branch," and where Wachovia's Complaint alleges that in addition to Missouri, the relevant parties were located in New York, South Dakota, Delaware, North Carolina, and Minnesota. (Compl. ¶¶ 1-3.) Wachovia has therefore failed to make its *prima facie* showing that jurisdiction is proper.

## CONCLUSION

For the foregoing reasons, DEPFA respectfully requests that its motion to dismiss be granted, and the Complaint dismissed with prejudice.

Dated: April 16, 2012

KASOWITZ, BENSON, TORRES
   & FRIEDMAN LLP

By:  /s/ Michael A. Hanin
   Mark P. Ressler
   Michael A. Hanin
   Henry B. Brownstein
   1633 Broadway
   New York, New York  10019
   Telephone:  (212) 506-1700
   Facsimile:  (212) 506-1800

   and

HARNESS DICKEY & PIERCE, PLC

 Rudoph A. Telscher, Jr. 41072MO
 7700 Bonhomme, Suite 400
 St. Louis, MO 63105
 Telephone:  (314) 726-7515
 Facsimile:  (314) 308-3515

*Attorneys for Third-Party Defendant DEPFA BANK plc*

---

[20]  Wachovia's contention that "contemporaneous acceptance" is somehow sufficient is based entirely on *Portnoy v. Defiance, Inc.*, 951 F.2d 169 (8th Cir. 1991), but, there, the contract was *executed* in Missouri. *Id*. at 170.  In *Wilson Tool & Die, Inc. v. TBDN-Tennessee Co.*, 237 S.W.3d 611, 615 (Mo. Ct. App. 2007), the Court did not base jurisdiction on the making of a contract because the contract was accepted in Tennessee, not Missouri.

13

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of April, 2012, a copy of the foregoing document was filed electronically. Notice of this filing will be sent via operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

                                                 */s/* Michael A. Hanin