UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HIGHER EDUCATION LOAN AUTHORITY<br>  OF THE STATE OF MISSOURI,<br><br>          Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.;<br>WACHOVIA BANK, N.A., n/k/a<br>   WELLS FARGO BANK, N.A.;<br><br>and<br><br>WACHOVIA SECURITIES, LLC,<br><br>          Defendants. | )<br>)<br>)<br>)<br>) Cause No. 4:10-CV-01230-JAR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S ANSWER TO
DEFENDANT WELLS FARGO BANK, N.A.'S COUNTERCLAIM**

Plaintiff/Counterclaim-Defendant Higher Education Loan Authority of the State of Missouri ("MOHELA"), for its Answer to the Counterclaim of Wells Fargo Bank, N.A. ("Wells Fargo"), states as follows:

1. For its response to paragraph 1 of the Counterclaim, MOHELA restates and incorporates by reference its allegations in all paragraphs of its First Amended Complaint.

2. MOHELA admits the allegations of paragraph 2 of the Counterclaim.

3. MOHELA states that the 2005 Trust constitutes the best evidence of its terms and therefore speaks for itself, and MOHELA denies the allegations of paragraph 3

of the Counterclaim to the extent they are incomplete or inconsistent with the 2005 Trust. Except as so expressly admitted, MOHELA denies the allegations of paragraph 3.

4. MOHELA admits that its claims against Wells Fargo arise out of and relate to Wells Fargo's breaches of duties and obligations as trustee of the 2005 Trust. Except as so expressly admitted, MOHELA denies the allegations of paragraph 4 of the Counterclaim.

5. MOHELA denies the allegations of paragraph 5 of the Counterclaim.

## AFFIRMATIVE DEFENSES

1. Wells Fargo's Counterclaim fails to state a claim upon which relief can be granted.

2. Any alleged contract for indemnity allegedly requiring MOHELA to indemnify Wells Fargo for its own misconduct and breaches is not sufficiently clear, definite and certain to be enforceable.

3. Any alleged contract for indemnity allegedly requiring MOHELA to indemnify Wells Fargo for its own misconduct and breaches is against public policy and thus is unenforceable.

4. Wells Fargo's claim is barred by acquiescence.

5. Wells Fargo abandoned any alleged contract for indemnity.

6. Any alleged obligation of MOHELA to indemnify was discharged by Wells' Fargo's misconduct and breaches.

7. Wells Fargo has failed to mitigate its damages.

8.     Wells Fargo's claim is barred by the applicable statutes of limitations and/or by the doctrine of laches.

9.     Wells Fargo's claim is barred by the doctrines of estoppel, waiver and/or ratification.

10.    Wells Fargo's claim is barred by the terms of the 2005 Trust.

11.    Wells Fargo's claim is barred by Wells Fargo's failure to give timely notice as required by the 2005 Trust.

12.    Section 1004 of the 2005 Trust is applicable only to claims by third parties against the Trustee.

13.    Well Fargo waived its right to assert this mandatory counterclaim by not alleging it at the time of its initial responsive pleading to Plaintiff's complaint.

WHEREFORE, having fully answered, MOHELA prays that this Court dismiss Wells Fargo's counterclaim with prejudice, award MOHELA its costs and attorneys' fees as allowed by law, and enter such further and other relief as the Court deems just and proper.

KOHN, SHANDS, ELBERT,
GIANOULAKIS & GILJUM, LLP

/s/ Kevin Anthony Sullivan
John Gianoulakis # 18194MO
Kevin Anthony Sullivan # 55140MO
1 N. Brentwood Blvd., Suite 800
St. Louis, MO 63105
(314) 241-3963
(314) 241-2509 (fax)
jgianoulakis@ksegg.com
ksullivan@ksegg.com

Attorneys for Plaintiff

3

## **CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that on this 10th day of July, 2012, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Jeffrey J. Kalinowski and Adam S. Hochschild, Bryan Cave, LLP, 211 North Broadway, Suite 3600, St. Louis, MO 63102-2750, attorneys for Defendants; Michael A. Hanin, Mark P. Ressler and Henry B. Brownstein, Kasowitz, Benson, Torres & Friedman LLP, 1633 Broadway, New York, NY 10019; and Rudolph A. Telscher, Jr., Harness Dickey & Pierce, PLC, 7700 Bonhomme, Suite 400, St. Louis, MO 63105, attorneys for Third-Party Defendant.

                /s/ Kevin Anthony Sullivan